UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Loren Depree Greene,

                    Plaintiff,                  Case No. 26-cv-10454
                                             Hon. Jonathan J.C. Grey

v.

Joni Orandello, et al.,

                    Defendants.

_____/

## <u>OPINION AND ORDER OF SUMMARY DISMISSAL</u>

Plaintiff Loren Depree Greene, an inmate currently confined at the Kinross Correctional Facility in Kincheloe, Michigan, filed a pro se complaint under 42 U.S.C. § 1983. (ECF No. 1.) The complaint arises from Greene's attempts to obtain court documents related to his Jackson County criminal cases. He names as defendants attorney Joni Orandello, paralegal Rosalie Cullen-Belcher, and Jackson County Circuit Court Deputy Clerk Jordyn Weir.

For the reasons set forth below, the complaint is **DISMISSED** for failure to state a claim and based on immunity.

## I.    BACKGROUND

Greene is incarcerated pursuant to multiple convictions entered in the Jackson County Circuit Court. In May 2024, he retained Orandello to obtain certain court documents related to those proceedings. (ECF No. 1, PageID.5.) Orandello advised Greene that her paralegal, Cullen-Belcher, would handle the request.[1] (*Id.*)

Greene alleges that Cullen-Belcher failed to timely respond to his document request and ultimately only provided documents that Greene had already supplied. (*Id.* at PageID.5–7.) He further alleges that Cullen-Belcher provided an outdated proof of service and failed to provide a receipt related to obtaining DNA orders. (*Id.* at PageID.7.)

Greene also claims that Defendant Weir provided an incorrect date on a proof of service and failed to sign the document. (*Id.* at PageID.6–7.)  He contends that these actions were taken at Orandello's direction. (*Id.* at PageID.7.)

Greene seeks monetary damages totaling $495,000 from Orandello and $70,000 each from Weir and Cullen-Becher. He also requests

---

[1] Greene identifies Cullen-Belcher as a "court officer" because she is now employed at the Jackson County Circuit Court, but according to his allegations, the events giving rise to his claims occurred before she was employed by the court and are unrelated to her court employment. (ECF No. 1, PageID.1–2.)

revocation of Orandello's law license.

## II.   LEGAL STANDARD

Because Greene has paid the filing fee, the screening provisions of 28 U.S.C. § 1915(e)(2) do not apply. *Benson v. O'Brian,* 179 F.3d 1014, 1015–1017 (6th Cir. 1999). However, a court may screen a fee-paid prisoner's complaint under 28 U.S.C. § 1915A when it seeks relief from a governmental entity or its officers or employees. *See Hyland v. Clinton,* 3 F. App'x 478, 478–479 (6th Cir. 2001). Under that statute, the Court must dismiss any claim that is frivolous, malicious, fails to state a claim, or seeks damages from an immune defendant. 28 U.S.C. § 1915A(a)–(b). In addition, even where § 1915A does not apply, federal courts possess inherent authority to dismiss sua sponte claims that are wholly implausible or devoid of merit. *Apple v. Glenn,* 183 F.3d 477, 479 (6th Cir. 1999); *see also* 42 U.S.C. § 1997e(c)(1).

To state a claim under 42 U.S.C. § 1983, a civil rights plaintiff must plausibly allege: (i) the violation of a right secured by the Constitution or another law of the United States, and (ii) that the violation was committed by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.,* 555 F.3d 543, 549 (6th Cir. 2009).

A complaint must contain sufficient factual matter to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although pro se pleadings are held to a less stringent standard, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), they must still satisfy basic pleading requirements. *Hill v. Lappin*, 630 F.3d 468, 470–471 (6th Cir. 2010).

## III. DISCUSSION

### A. Defendant Weir

Greene alleges that Weir, a deputy clerk, falsified a proof of service by listing an incorrect date and failing to sign the document. These claims are barred by quasi-judicial immunity.

Absolute judicial immunity protects judges from liability for damages for judicial acts. *See Mireles v. Waco*, 502 U.S. 9, 9–10 (1991). This immunity extends to non-judicial officers who perform functions "so integral or intertwined with the judicial process" that they are "considered an arm of the judicial officer who is immune." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994).

Court clerks are entitled to quasi-judicial immunity when performing judicial functions. *Huffer v. Bogen*, 503 F. App'x 455, 461 (6th

Cir. 2012) (citing *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988)). This immunity applies even where the plaintiff alleges that the court clerk acted erroneously, corruptly, or in excess of jurisdiction. *See Boling v. Garrett*, No. 2:08-cv-12117, 2008 WL 2610243, at *2 (E.D. Mich. June 30, 2008) (citing *Mireles*, 502 U.S. at 9–10; *Collyer v. Darling*, 98 F.3d 211, 221 (6th Cir. 1996)); *see also Cline v. Burke*, 682 F. Supp. 3d 125, 132 (D. Mass. 2023) (citation omitted) ("The doctrine applies to court clerks performing their duties due to 'the danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts.'").

Here, Greene's allegations arise from Weir's performance of his duties in processing and providing court documents—functions squarely within the scope of quasi-judicial immunity. *Sindram v. Suda*, 986 F.2d 1459, 1461 (D.C. Cir. 1993); *see also Harris v. Suter*, 3 F. App'x 365, 366 (6th Cir. 2001) (clerk filing or refusing to file a document with the court is entitled to immunity); *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997) (court clerk responding to requests for records entitled to immunity). Accordingly, the claims against Weir are **DISMISSED**.

## B.  Defendants Orandello and Cullen-Belcher

Greene's claims against Orandello and Cullen-Belcher fail because neither defendant acted under color of state law.

To state a claim under 42 U.S.C. § 1983, a plaintiff must show: (1) that he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States of America, and (2) that the deprivation was caused by a person acting under the color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155 (1978). Lawyers and their staff performing traditional functions as counsel do not act "under color of state law" and are not state actors subject to suit under § 1983. *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981).

Although private parties may be deemed state actors if they engage in joint activity or conspiracy with state officials, *see Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980), such claims must be supported by specific, nonconclusory factual allegations. *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003). Conclusory allegations of conspiracy are insufficient. *Twombly*, 550 U.S. at 556–557.

Here, Greene alleges no facts suggesting a "close nexus" between these defendants' conduct and the State. *Brentwood Acad. v. Tennessee*

6

*Secondary Sch. Athletic Ass'n,* 531 U.S. 288, 295 (2001). His allegations instead concern dissatisfaction with the quality and timeliness of legal services, which do not implicate § 1983.

Because Greene fails to plausibly allege state action, his claims against Orandello and Cullen-Belcher fail as a matter of law. *See Hassink v. Mottl,* 47 F. App'x 753, 755 (6th Cir. 2002) (affirming the district court's sua sponte dismissal of a fee-paid complaint alleging claims against plaintiff's attorney because he "was not a state actor under color of state law within the meaning of § 1983" and because the "complaint lacked an arguable basis in law").

## IV. CONCLUSION

Accordingly, **IT IS ORDERED** that the complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE**.

The Court also concludes that an appeal from this order cannot be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States,* 369 U.S. 438, 445 (1962).

**SO ORDERED**.

**s/Jonathan J.C. Grey**
Jonathan J.C. Grey
United States District Judge

Date: June 2, 2026

7

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 2, 2026.

**s/ S. Osorio**
Sandra Osorio
Case Manager